The relief described hereinbelow is SO ORDERED

Done this 5th day of May, 2015.



*Dwight H. Williams, Jr.* (signature)
**Dwight H. Williams, Jr.**
**United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

In Re:     Case No:     14-30537-DHW-13

**Melvin Arrington, Jr.**
    SSN:   xxx-xx-3462

    Debtor

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY FILED BY WELLS FARGO BANK, N.A. AS SERVICING AGEN FOR  HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR REPERFORMING LOAN TRUST 2005-2

This matter coming before the Court on the Motion for Relief from Automatic Stay and Co-Debtor Stay filed by WELLS FARGO BANK, N.A., AS SERVICING AGRENT FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR REPERFORMING LOAN TRUST 2005-2 (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition arrearage through April, 2015 in connection with Creditor's Motion for Relief from Stay is calculated below:
    13 payments @ $777.64 for 04/14 to 04/15:           $10109.32
    Total:                                              $10,109.32
2. The Creditor shall file an amended pre-petition and post-petition claim for the **TOTAL ARREARAGE** of $24,802.17.
3. The Chapter 13 Plan payments are hereby increased to $155.00 weekly.
4. The fixed payments to the Creditor are increased to $537.00.

5. The Motion for Relief from Stay and Co-Debtor Stay filed by WELLS FARGO BANK, N.A., AS SERVICING AGENT FOR HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR MASTR REPERFORMING LOAN TRUST 2005-2 is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning May 2015, the Motion for Relief from Stay and Co-Debtor Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default.
6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001.(a)(3) is waived.

###END OF ORDER###

This document was prepared by:
Enslen Crowe
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: (205) 918-5013

This order was approved by Debtor's attorney and Curtis C. Reding, Trustee.